UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SUTTON, JR.,
        Plaintiff,                 CIVIL ACTION NO. 08-CV-13182

   vs.

                                DISTRICT JUDGE VICTORIA A. ROBERTS

COMMISSIONER OF            MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION AND MEMORANDUM FOR "WHOLE RECORD" REVIEW (DOCKET NO. 17) AND DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF STEP 5 SEQUENTIAL ANALYSIS IN ANOTHER SOCIAL SECURITY ACTION NO. 05-CV-70207 (DOCKET NO. 22)

This matters is before the Court on two motions. The first is Plaintiff's Motion and Memorandum for "Whole Record" Review filed on December 5, 2008. (Docket no.17). Defendant did not file a Response. The second motion is Plaintiff's Motion for Judicial Notice of Step 5 Sequential Analysis In Another Social Security Action No. 05-CV-70207 filed on February 3, 2009. (Docket no. 22). Defendant did not file a Response. All pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 5). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiff's motions are now ready for ruling.

Administrative Law Judge Melvyn B. Kalt denied Plaintiff's claim for Supplemental Security Income by a decision dated February 7, 2007. On December 15, 2008 Plaintiff filed a Motion For Summary Judgment regarding the denial of his claim for Supplemental Security Income. (Docket no. 18).

A.    **Motion And Memorandum For Whole Record Review (Docket no. 17)**

Plaintiff's Motion And Memorandum for Whole Record Review asks the Court to include

the "attached documentary evidence" in his record. Plaintiff asserts that the evidence submitted to the Appeals Council and the ALJ relates to the time period prior to the ALJ's decision and "for some unknown reason was not made a part of the record." (Docket no. 17). The evidence includes the following letters from Plaintiff: letters dated May 4, 2007 and August 20, 2007 directed to the Appeals Council, a July 15, 2008 letter directed to Administrative Appeals Judge Richard F. White, and an undated letter to Administrative Law Judge Melvyn B. Kalt[1]. (Docket no. 17).

The Court is mindful that it is required to construe Plaintiff's pro se pleadings liberally, and hold them to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The only legal authority Plaintiff cites is 20 C.F.R. § 404.948(b)(2) without further explanation. Code of Federal Regulations, Chapter 20, sections 404.948(b)(ii) and 416.1448(b)(ii) provide that "[t]he administrative law judge *may* decide a case on the record and not conduct an oral hearing if (i) [y]ou and all the parties indicate in writing that you do not wish to appear before the administrative law judge at an oral hearing; or (ii) [y]ou live outside the United States . . . ." 20 C.F.R. §§ 404.948(b)(ii), 416.1448(b)(ii) (emphasis added). Subsection (b)(2) provides that "[w]hen an oral hearing is not held, the administrative law judge shall make a record of the material evidence. The record will include the applications, written statements, certificates, reports, affidavits, and other documents that were used in making the determination under review and any additional evidence you or any other party to the hearing present in writing. The decision of the administrative law judge must be based on this record." 20

_____

[1]The correspondence with which Plaintiff seeks a "Whole Record" review by this Motion is not medical evidence. To the extent that Plaintiff has provided additional evidence, including medical records, to the Appeals Council and this Court with his Complaint, that additional evidence will be addressed in the undersigned's Report and Recommendation pursuant to 42 U.S.C. § 405(g).

C.F.R. §§ 404.948(b)(2), 416.1448(b)(2).  Evidence post-dating the Administrative Law Judge's

February 7, 2007 decision is not contemplated by the requirement that the ALJ make a record of

material evidence and base his decision upon it.  The Court also notes that the record does not show

that the ALJ elected to decide this case on the record.  The record shows that the ALJ attempted to

secure Plaintiff's attendance at two separate hearings.  (TR 71, 98, 99, 102).  For these reasons, it

does not appear that the citation to 20 C.F.R. § 404.948(b)(2) is relevant.  Furthermore, to the extent

that the documents are Plaintiff's correspondence to the Appeals Council following the ALJ's

decision in this matter, Plaintiff has not shown how these documents are relevant.

Plaintiff captioned his pleading a "Motion and Memorandum for 'Whole Record' Review."

(Docket no. 17).  The Court notes that in a Social security disability case, it is obligated to evaluate

the administrative record as a whole under the substantial evidence standard.  *See Kirk v. Sec'y of*

*Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983);

*Vance v. Comm'r of Soc. Sec.*, 260 Fed. Appx. 801 (6th Cir. 2008).  To the extent that Plaintiff is

requesting a *de novo* review of the record, this Court is "not charged with conducting the kind of

'super review' requested."  *Vance*, 260 Fed. Appx. at 807 (citation omitted) ("Contrary to

[claimant's] suggestion, it squarely is *not* the duty of the district court, nor (sic) this court, to re-

weigh the evidence, resolve material conflicts in testimony, or assess credibility.").

For these reasons the Court will deny Plaintiff's Motion and Memorandum For "Whole

Record" Review.  (Docket no. 17).

**B.    Motion For Judicial Notice of Step 5 Sequential Analysis In Another Social Security
         Action No. 05-CV-70207 (Docket no. 22).**

Plaintiff asks the Court to take notice of the step five analysis in civil action No.

05-cv-70207.  Specifically, Plaintiff asks the Court to take judicial notice of the words "has had"

in the following statement from the undersigned's Report and Recommendation in *Sutton v. Comm'r of Soc. Sec.*, Case no. 5-cv-70207 (E.D. Mich. June 6, 2006)(Docket no. 45):

> "to meet this burden, the commissioner must make a finding supported by substantial evidence that [the claimant] has had the vocational qualifications to perform specific jobs." (Docket no. 22 at 2 of 9).

> "Federal Rule of Evidence 201(d) requires a court to take judicial notice if a party requests such notice and provides the Court with the necessary information. Rule 201(b) provides: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Sixth Circuit has held that "[f]ederal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 333 n. 3 (6th Cir.1999).

Even in broadly interpreting Plaintiff's Motion, however, the Court finds that Plaintiff has shown no reasoning or legal support for his request that the Court take judicial notice of the two words "has had" in the above recited statement. The Court notes that to the extent allowed by law, and to the extent relied upon by the Administrative Law Judge for collateral estoppel effect in his February 7, 2007 decision now on appeal, the Court will address the June 6, 2006 Report and Recommendation in its Report and Recommendation on Plaintiff's pending Motion for Summary Judgment. For these reasons, the Court will deny Plaintiff's Motion For Judicial Notice. (Docket no. 22).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion And Memorandum For "Whole Record" Review (Docket no. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Judicial Notice of Step 5 Sequential Analysis In Another Social Security Action No. 05-CV-70207 (docket no. 22) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   August 27, 2009                      s/ Mona K. Majzoub_____
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon David Sutton, Jr. and Counsel of Record on this date.

Dated: August 27, 2009                        s/ Lisa C.  Bartlett___
                                              Courtroom Deputy

-5-