**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID SUTTON, JR.,**
        **Plaintiff,**                  **CIVIL ACTION NO. 08-CV-13182**

vs.

                                      **DISTRICT JUDGE VICTORIA A. ROBERTS**

**COMMISSIONER OF**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**
**PURSUANT TO RULE 11(b) (DOCKET NO. 26) AND STRIKING PLAINTIFF'S**
**[SECOND] MOTION FOR SANCTIONS**
**PURSUANT TO RULE 11(b) (DOCKET NO. 28)**

This matter is before the Court on Plaintiff's Motion For Sanctions Pursuant To Rule 11(b) filed on April 17, 2009. (Docket no. 26). Defendant filed a Response on April 23, 2009. (Docket no. 27). Plaintiff filed a Reply to Defendant's Response on April 29, 2009. (Docket no. 29). Plaintiff also filed a Motion For Sanctions Pursuant To Rule 11(b) on April 29, 2009. (Docket no. 28). All pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C)[1]. (Docket no. 5). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiff's motions are now ready for ruling.

Administrative Law Judge Melvyn B. Kalt denied Plaintiff's claim for Supplemental Security

---

[1] Because Plaintiff's Motions for Sanctions were made prior to the entry of a judgment in this matter, the Court finds that they are pre-trial motions and may properly be determined by a magistrate judge. *See generally Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (emphasis in original); *Bennett v. General Caster Service*, 976 F.2d 995 (6th Cir. 1992) (Magistrate judge did not have jurisdiction to enter a post-judgment award of sanctions where the "Rule 11 motion was not a pending pre-trial matter, because it was not made until after judgment on the underlying claim already had been entered and an appeal taken.").

Income by a decision dated February 7, 2007. Plaintiff sought review of the Commissioner's decision with this Court and on December 15, 2008 Plaintiff filed a Motion For Summary Judgment regarding the denial of his claim for Supplemental Security Income. (Docket no. 18).

**1.     Plaintiff's [Second] Motion For Sanctions Pursuant To Rule 11(b) (Docket no. 28)**

Plaintiff's [Second] Motion For Sanctions Pursuant To Rule 11(b) filed on April 29, 2009 is a verbatim copy of the previously filed Motion for Sanctions although it contains a different Exhibit A. (Docket no. 28). The Exhibit A which is attached to the April 29, 2009 Motion for Sanctions is a February 13, 2007 letter from Ronald H. Bergman, M.D., "To Whom It May Concern." (Docket no. 28, Ex. A). This document also appears as an exhibit to Plaintiff's Reply Brief. (Docket no. 29 at Ex. B). Plaintiff has not sought leave to correct, amend or supplement his first filed Motion for Sanctions (docket no. 26) and Defendant had already responded to that Motion when Plaintiff filed his second Motion for Sanctions. Fed. R. Civ. P. 15(a). The Court notes that Plaintiff will not be prejudiced by striking the April 29, 2009 [Second] Motion for Sanctions because it is duplicative of the April 17, 2009 Motion and to the extent that the Exhibit A varies, that exhibit is also contained in Plaintiff's Reply brief and other records before the Court, therefore it is made a part of the record for purposes of the remaining Motion for Sanctions at Docket no. 26. For these reasons the Court will strike Plaintiff's [Second] Motion For Sanctions Pursuant To Rule 11(b) filed on April 29, 2009 at Docket no. 28.

**2.     Plaintiff's Motion For Sanctions Pursuant to Rule 11(b) (Docket no. 26)**

Plaintiff moves for sanctions under Fed. R. Civ. P. 11(b) against Defendant based on the filing of Defendant's Motion for Summary Judgment. (Docket no. 26). Plaintiff contends that Defendant alleged that Plaintiff has "normal" vision in the right eye when the factual support states

that Plaintiff's "best corrected visual acuity in the right eye is 20/20." (Docket nos. 23 at 4, 26). Plaintiff alleges that Defendant attempted to mislead the Court with this statement.

Plaintiff bases his motion on Fed. R. Civ. P. 11. Rule 11 requires that "to the best of [the attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the presentation he makes to the court "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1), (3). The Rule also requires that the "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id.* (b)(2). Various sanctions are authorized including directives of a nonmonetary nature, an order to pay a penalty to the court, or an order directing payment to the movant "of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* (c) (4). In this circuit, the test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. *Tropf v. Fidelity Nat'l. Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002).

The statement at issue appears in Defendant's Motion for Summary Judgment where Defendant addresses Dr. Bergman's letter and states that "[b]est visual acuity in the right eye was 20/20 (normal) and there was no light perception on the left." (Docket no. 23 at 9 of 26). Plaintiff argues that Defendant omitted Dr. Bergman's [note] that Plaintiff "was found to have a best-*corrected* visual acuity of 20/20 in the right eye . . . ." (Docket no. 29 at Ex. B)(emphasis added).

Defendant explains in its brief that it did not misinterpret Dr. Bergman's findings or mislead the Court because vision that is 20/20 is normal and "'best-corrected' vision is the visual acuity with glasses or contact lenses." (Docket no. 27 at 1 of 6). Social Security Regulation Listing 2.00, Pt. 404, Subpt. P, App. 1, states that "to evaluate your visual disorder, we usually need a report of an eye examination that includes measurements of the best-corrected visual acuity or the extent of the visual fields, as appropriate." Pt. 404, Subpt. P, App. 1, Listing 2.00(A)(4). "Best-corrected visual acuity" is defined by the Regulations as "the optimal visual acuity attainable with the use of a corrective lens." *Id.* at Listing 2.00(5)(b)(i). In at least one section of Listing 2.00, Table 1., a "best-corrected" visual acuity measurement of 20/20 is considered 100 percent visual acuity efficiency. *Id.* at Listing 2.00, Table 1.

There is no evidence that a "best-corrected" visual acuity measurement of 20/20 is considered less than "normal," less that 100 percent visual acuity efficiency under the Regulations, or would otherwise result in a different disposition of Plaintiff's disability claim, Motion for Summary Judgment or other motions before this Court. Although Defendant's statement that Plaintiff's "[b]est visual acuity in the right eye was 20/20 (normal)" would have been more precise had it been a verbatim recitation of Dr. Bergman's findings, it is nonetheless supported by the evidence and was not unreasonable or misleading. The Court will deny Plaintiff's Motion For Sanctions Pursuant To Rule 11(b), which appears at Docket no. 26.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Sanctions Pursuant To Rule 11(b) (Docket no. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's [Second] Motion For Sanctions Pursuant To Rule 11(b) (Docket no. 28) is **STRICKEN FROM THE RECORD**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   August 27, 2009              s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon David Sutton, Jr. and Counsel of Record on this date.


Dated: August 27, 2009                 s/ Lisa C. Bartlett
                                       Courtroom Deputy