UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID SUTTON, JR.,**

                **Plaintiff(s),**      CASE NUMBER: 08-13182
                                                    HONORABLE VICTORIA A. ROBERTS

**v.**

**COMMISSIONER OF SOCIAL SECURITY**,

                **Defendant(s).**
_____/

## ORDER

This matter is before the Court on *pro se* Plaintiff David Sutton's Motion for a New Magistrate Judge and Motion for Appointment of Counsel.

The Court **DENIES** both motions.

The Court carefully considered Plaintiff's request for a new Magistrate; however, the Court is not inclined to remove the Magistrate Judge to whom Plaintiff's pending Petition for Writ of Mandamus is referred for any of the reasons raised in the motion. Plaintiff does not present evidence that the Magistrate Judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b).  And, the fact that the Magistrate Judge ruled against Plaintiff in prior motions is insufficient to show the Magistrate Judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Liteky v. United States,* 510 U.S. 540, 555 (1994) ("judicial rulings along almost never constitute a valid basis for a bias or partiality motion").

The Court **DENIES** Plaintiff's request for a new Magistrate.

1

Moreover, the Court does not believe Plaintiff's case warrants appointment of counsel.

28 U.S.C. § 1915 allows the Court to appoint counsel for indigents in civil actions. *See* 28 U.S.C. § 1915(e)(1) ("[t]he court may request an attorney to represent any person unable to afford counsel"); see also *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court[.]").  Such appointments are only justified in exceptional cases.  *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)).  Whether Plaintiff's case is "exceptional" depends on the type of case, Plaintiff's ability to represent himself, and the complexity of the factual and legal issues involved. *Keohane*, 992 F.2d at 606.

Upon review of Plaintiff's filings, the Court is not persuaded this is an exceptional case.  Therefore, the Court **DENIES** Plaintiff's request for counsel.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 14, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and David Sutton by electronic means or U.S. Mail on June 14, 2011.

s/Linda Vertriest
Deputy Clerk